**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | | |
|---|---|---|
| DENNIS CANARIO JR. | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| PREMIER RECOVERY GROUP, INC., | ) | |
| QUINTON M. SMITH, | ) | |
| AND JOEY YOUNGER | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district and, where Defendant transacts business in this State and this district.

## PARTIES

4.      Plaintiff, Dennis Canario Jr. ("Plaintiff"), is a natural person who at all relevant times resided in the State of Rhode Island, County of Newport, and City of Portsmouth.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Premier Recovery Group, Inc. ("PRG") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant PRG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendants, Quinton M. Smith ("Smith"), and Joey Younger ("Younger") are individuals who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.      Upon information and belief, Smith, and Younger:

   a.  Were regularly engaged, directly and indirectly in the collection of Plaintiff's debt;

   b.  Were personally involved in the collection of Plaintiff's debt;

   c.  Were materially involved in the collection of Plaintiff's debt;

   d.  Materially participated in PRG's debt collection activities;

   e.  Were involved in the day-to-day operations of PRG's debt collection business;

   f.  Exercised control over the affairs of PRG's debt collection business.

10. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); *see Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

11. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.    Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

16.    Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

17.    In connection with collection of an alleged debt in default, PRG called Plaintiff's cellular telephone on November 11, 2011 at 10:11 A.M., and at such time, left the following pre-recorded voicemail message:

> "Hello we have an important message for Dennis Canario, with information regarding business you are currently conducting. Please give us a call back at 1-866-364-6516. Thank you."

18.    In its voicemail message of November 11, 2011, PRG failed to notify Plaintiff that the communication was from a debt collector.

19.    In its voicemail message of November 11, 2011, PRG failed to disclose its true corporate or business name in a telephone call to Plaintiff.

20.     In the alternative, PRG's voicemail messages of November 11, 2011 failed to state that the call was made for the purpose of confirming or correcting location information about a consumer.

21.     PRG, called Plaintiff's cellular telephone on December 5, 2011 at 7:21 P.M., and at such time, left the following voicemail message:

> "This message is being left solely for Dennis Canario. This is Mr. Anthony with the judgment and claims division of PRG. I need to speak with yourself or your legal representation. If we are unable to hear from you in a timely manner our client will deem this as a direct refusal to cooperate and will forward this information to your employer. To contact this office directly at 877-799-9234, include file number 128475, that's 128475."

22.     In its voicemail message of December 5, 2011, PRG failed to notify Plaintiff that the communication was from a debt collector.

23.     In failing to disclose that PRG is a debt collector, PRG failed to meaningfully disclose its identity in its voicemail message of December 5, 2011.

24.     In its voicemail message of December 5, 2011, PRG conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

25.     In the alternative, PRG's voicemail messages of December 5, 2011 failed to state that the call was made for the purpose of confirming or correcting location information about a consumer.

26.     PRG called Plaintiff's cellular telephone on December 9, 2011 at 10:00 A.M., and at such time, left the following pre-recorded voicemail message:

> "Hello we have an important message for Dennis Canario, with information regarding business you are currently conducting. Please give us a call back at 1-866-364-6516. Thank you."

27.    In its voicemail message of December 9, 2011, PRG failed to notify Plaintiff that the communication was from a debt collector.

28.    In its voicemail message of December 9, 2011, PRG failed to disclose its true corporate or business name in a telephone call to Plaintiff.

29.    In the alternative, PRG's voicemail messages of December 9, 2011 failed to state that the call was made for the purpose of confirming or correcting location information about a consumer.

30.    PRG, called Plaintiff's cellular telephone on December 15, 2011 at 10:51 A.M., and at such time, left the following voicemail message:

> "This message is being left solely for Dennis Canario. This is Mr. Anthony with the judgment and claims division of PRG. I need to speak with yourself or your legal representation. If we are unable to hear from you in the next 24 hours our client will deem this as a direct refusal to cooperate and will forward this information to your employer. To contact this office directly at 877-799-9234 extension 315, include file number 128475, that's 128475."

31.    In its voicemail message of December 15, 2011, PRG failed to notify Plaintiff that the communication was from a debt collector.

32.    In failing to disclose that Defendant is a debt collector, PRG failed to meaningfully disclose its identity in its voicemail message of December 15, 2011.

33.    In its voicemail message of December 15, 2011, PRG conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

34.    In the alternative, PRG's voicemail messages of December 15, 2011 failed to state that the call was made for the purpose of confirming or correcting location information about a consumer.

35.      PRG willingly and knowingly placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the calls placed on November 11, 2011, December 5, 2011, December 9, 2011, and December 15, 2011.

36.      Defendants' actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**DEFENDANT PRG**
**VIOLATION OF 15 U.S.C. § 1692d(6)**

37.      Plaintiff repeats and re-alleges each and every allegation contained above.

38.      Defendant PRG violated 15 U.S.C. § 1692d(6) by placing a telephone call without meaningfully disclosing the caller's identity.

39.      Defendant PRG violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

40.      Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

41.      Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's

debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRG violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**DEFENDANT SMITH**
**VIOLATION OF 15 U.S.C. § 1692d(6)**

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. Defendant PRG violated 15 U.S.C. § 1692d(6) by placing a telephone call without meaningfully disclosing the caller's identity.

44. Defendant PRG violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

45. Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of

PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

46.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant Smith violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT YOUNGER
## VIOLATION OF 15 U.S.C. § 1692d(6)

47.     Plaintiff repeats and re-alleges each and every allegation contained above.

48.     Defendant PRG violated 15 U.S.C. § 1692d(6) by placing a telephone call without meaningfully disclosing the caller's identity.

49.     Defendant PRG violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

50.     Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

51.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant Younger violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT PRG
## VIOLATION OF 15 U.S.C. § 1692e(11)

52.     Plaintiff repeats and re-alleges each and every allegation contained above.

53.     Defendant PRG violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

54.     Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

55.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged

debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant PRG violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**DEFENDANT SMITH**
**VIOLATION OF 15 U.S.C. § 1692e(11)**

56.    Plaintiff repeats and re-alleges each and every allegation contained above.

57.    Defendant PRG violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

58.    Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged

debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

59.    Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant Smith violated 15 U.S.C. § 1692e(11);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## DEFENDANT YOUNGER
## VIOLATION OF 15 U.S.C. § 1692e(11)

60.    Plaintiff repeats and re-alleges each and every allegation contained above.

61.   Defendant PRG violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

62.   Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

63.   Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant Younger violated 15 U.S.C. § 1692e(11);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**DEFENDANT PRG**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

64.     Plaintiff repeats and re-alleges each and every allegation contained above.

65.     PRG violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

66.     Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

67.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRG violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## DEFENDANT SMITH
## VIOLATION OF 15 U.S.C. § 1692e(10)

68.     Plaintiff repeats and re-alleges each and every allegation contained above.

69.     PRG violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

70.     Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

71.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of

PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Smith violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## DEFENDANT YOUNGER
## VIOLATION OF 15 U.S.C. § 1692e(10)

72.     Plaintiff repeats and re-alleges each and every allegation contained above.

73.     PRG violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

74.     Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of

PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

75.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Younger violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## DEFENDANT PRG
## VIOLATION OF 15 U.S.C. §§ 1692b, 1692c(b)

76.     Plaintiff repeats and re-alleges each and every allegation contained above.

77.     In the alternative, PRG violated 15 U.S.C. §§ 1692b, 1692c(b) by contacting a third party for purposes other than obtaining location information.

78.     Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

79.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant PRG violated 15 U.S.C. §§ 1692b, 1692c(b)

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XI**
**DEFENDANT SMITH**
**VIOLATION OF 15 U.S.C. §§ 1692b, 1692c(b)**

80.    Plaintiff repeats and re-alleges each and every allegation contained above.

81.    In the alternative, PRG violated 15 U.S.C. §§ 1692b, 1692c(b) by contacting a third party for purposes other than obtaining location information.

82.    Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

83.    Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant Smith violated 15 U.S.C. §§ 1692b, 1692c(b)

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## DEFENDANT YOUNGER
## VIOLATION OF 15 U.S.C. §§ 1692b, 1692c(b)

84.    Plaintiff repeats and re-alleges each and every allegation contained above.

85.    In the alternative, PRG violated 15 U.S.C. §§ 1692b, 1692c(b) by contacting a third party for purposes other than obtaining location information.

86.    Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

87.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant Younger violated 15 U.S.C. §§ 1692b, 1692c(b)

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## DEFENDANT PRG
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

88.     Plaintiff repeats and re-alleges each and every allegation contained above.

89.     Defendant PRG violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

90.     Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

91.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant PRG violated 47 U.S.C. § 227(b)(1)(A)(iii);

b)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT XIV
## DEFENDANT SMITH
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

92.     Plaintiff repeats and re-alleges each and every allegation contained above.

93.     Defendant PRG violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

94.     Defendant Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

95.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant Smith violated 47 U.S.C. § 227(b)(1)(A)(iii);

b)  Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**COUNT XV**
**DEFENDANT YOUNGER**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

96.     Plaintiff repeats and re-alleges each and every allegation contained above.

97.     Defendant Younger violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

98.     Smith is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

99.     Younger is personally liable for PRG's conduct, absent the need to pierce PRG's corporate veil, as a result of his involvement in the day-to-day management of PRG's debt collection business, his responsibility for day-to-day supervision of PRG's debt collector employees, his personal involvement in the collection of Plaintiff's alleged

debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of PRG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Younger violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

100.   Plaintiff is entitled to and hereby demands a trial by jury.

This 2-9th day of March, 2012.


ATTORNEYS FOR PLAINTIFF
*Dennis Canario Jr.*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff

*Complaint*
*Page 26 of 27*

300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

**Weisberg & Meyers, LLC**
80 Broad Street, 5th Floor
New York, NY 10004

**Please send correspondence to the address below**

Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012